**BOBER, PETERSON & KOBY LLP**
TIMOTHY A. PETERSON, (Cal. Bar No. 210197)
Tim@BPKfirm.com
BRIAN T. ANDERS (Cal. Bar No. 300554)
Brian@BPKfirm.com
2603 Main Street, Suite 1100
Santa Ana, CA 92614
Telephone: 714-750-9421

Attorneys for Plaintiff
CINCINNATI REDS LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CINCINNATI REDS LLC, a Delaware Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>KEVIN FRANKLIN, an Individual<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF DUE PROCESS**<br>**[U.S. Const., Amend. XIV, § 1]** |

For its Complaint against Defendant Kevin Franklin ("Franklin"), Plaintiff, The Cincinnati Reds LLC ("the Reds"), states as follows:

## INTRODUCTION

1. The Due Process Clause of the Fourteenth Amendment to the United States Constitution restricts a state's exercise of personal jurisdiction over out-of-state parties. The United States Supreme Court described those limitations in *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1946): a forum state may exercise jurisdiction over an out-of-state defendant, only if certain minimum contacts exist between that party and the state such that "the maintenance of an action in the state does not offend traditional notions of fair play and substantial justice." See also: *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014).

2. The "minimum contacts" standard enunciated by *International Shoe Co.* was refined in *Bristol-Myers Squibb Co. v. Superior Court of the State of California*, 137 S. Ct. 1773, 1779 (2017). Therein, the Supreme Court held that "[T]he primary focus of a personal jurisdiction inquiry is the defendant's relations to the forum state." The Supreme Court explained the due process mandate that personal jurisdiction may be exercised only if the claim at issue arises out of, or relates to, the out-of-state defendant's conduct within the forum state. The Court held "there must be an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." (Citations omitted.) *Id*. at 1780.

3. The Supreme Court has also made clear that an out-of-state defendant's execution of a contract within the forum state does not, by itself, support the exercise of personal jurisdiction over that party. See *Bristol-Myers Squibb*, 137 S. Ct. at 1783: "The bare fact that BMS contracted with a California distributor is not enough to establish personal jurisdiction in the state." *See also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985): "[I]f the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts

in the other party's home forum, we believe the answer clearly is that it cannot. The Court long ago rejected the notion that personal jurisdiction might turn on 'mechanical' tests . . . or on 'conceptualistic theories of the place of contracting or of performance (emphasis in original).'"

4. The Reds bring this action to dispute and contest California's exercise of personal jurisdiction over them in a claim which Franklin has filed against them with the California Workers' Compensation Appeals Board ("WCAB"). The Reds contend that the exercise of that jurisdiction violates the due process of law guaranteed by the Fourteenth Amendment to the United States Constitution.

**THE PARTIES**

5. The Reds are a limited liability company organized under the laws of the State of Delaware, which owns and operates a Major League Baseball team in Cincinnati, Ohio. Accordingly, its principal place of business is in Cincinnati, Ohio.

6. Defendant KEVIN FRANKLIN (hereinafter "Franklin" or "Defendant") is a resident of Cerritos, California. Franklin has filed a claim against the Reds with the WCAB and seeks to have that agency exercise personal jurisdiction over the Reds under *California Labor Code* Sections 3600.5(a) and 5305. A true, complete, and accurate copy of Franklin's claim is attached hereto as Exhibit "A," and is incorporated herein by this reference thereto.

**JURISDICTION AND VENUE**

7. The Reds allege that Franklin's invocation of WCAB jurisdiction under *California Labor Code* Sections 3600.5(a) and 5305 violates its right to Due Process of Law under the Fourteenth Amendment to the United States Constitution. Those code sections purport to empower the WCAB to exercise personal jurisdiction over out-of-state defendants in a manner that violates the Due Process Clause.

8. This Court has jurisdiction over the dispute pursuant to 28 U.S.C. § 1331, which provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

9. Venue is proper in the Central District of California under 28 U.S.C. S1391 (b)(a) because Franklin resides in the Western Division of the Central District of California.

10. The Reds have standing to bring this action because of Franklin's invocation of WCAB jurisdiction over them under *California Labor Code* Sections 3600.5(a) and 5305.  Franklin invoked that jurisdiction even though: (a) the Reds do not have the minimum contacts with California that must exist before this State may exercise personal jurisdiction over them; (b) there is no affiliation between California and the underlying controversy; i.e., Franklin's alleged workplace injury; and (c) Franklin's employment contract with the Reds was signed in the state of Arizona and contained a choice of law choice of forum clause agreeing that any workers' compensation claim, dispute, or cause of action arising out of Franklin's employment with the Reds would be governed exclusively by the laws of the State of Ohio and brought solely and exclusively before the Workers' Compensation Board the State of Ohio.  Franklin's baseless invocation of that jurisdiction has created an imminent, concrete, and irreparable risk of harm to the Reds' business, goodwill, and reputation.

11. The Reds seek declaratory and injunctive relief, pursuant to 28 U.S.C. §§ 2201 and 2202.  The Court is empowered to grant such relief pursuant to Federal Rules of Civil Procedure, Rules 57 and 65.

## FACTUAL ALLEGATIONS

12. The Reds are an out-of-state party and do not have minimum contacts with the State of California.

(a) The Reds were not organized, and do not exist, under California law.

(b) The Reds are domiciled in Cincinnati, Ohio, where they maintain their principal place of business.

(c) The Reds do not maintain, and have never maintained a business facility or telephone number in California.

(d) The Reds do not own, rent, or lease any real or personal property in California.

(e) The Reds do not maintain any bank accounts in California.

(f) The Reds do not have, or hold, any licenses or permits issued by any California state governmental entity.

(g) The Reds do not have any owners, members, officers, or directors who reside in California.

(h) The Reds do not advertise or solicit business in California.

13. The Reds employed Franklin as a professional athlete between 2013 and 2017. During his five (5) years as a professional athlete in the Reds organization, Franklin:

(a) did not play a single baseball game for the Reds in California;

(b) did not participate in a single baseball practice for the Reds in California; and

(c) exclusively performed his work-related duties for the Reds outside of California.

14. *California Labor Code* Section 3600.5(a) provides, in relevant part, "[i]f an employee who has been hired . . . in the state receives personal injury by accident arising out of and in the course of employment outside of this state, he or she . . . shall be entitled to compensation according to the law of this state." Section 3600.5(a) does not require that an employee's injury occur in California or that the injury arise out of, or relate to, the out-of-state defendant's conduct in California. Section 3600.5(a) utterly ignores the Due Process mandate that personal jurisdiction be exercised over an out-of-state defendant only if the underlying controversy arises out of or relates to that defendant's conduct in the forum state. *Bristol-Myers Squibb Co.*, supra.

15. *California Labor Code* Section 5305 similarly provides that the WCAB has jurisdiction over all injuries which occur outside of California, simply because an employment contract was executed in California. As with Section 3600.5(a), this

section does not require that an employee's injury occur in California, or that an out-of-state employer have any contact with California (aside from executing a contract for hire in California), before the WCAB may exercise jurisdiction over an out-of-state employer.

16. *California Labor Code* Sections 3600.5(a) and 5305 deprive out-of-state employers of Due Process. Both sections purport to empower the WCAB to exercise personal jurisdiction over an out-of-state employer, even if the employer's sole connection to California is the execution of an employment contract in California. Thus, those two code sections endow the WCAB with jurisdiction even if the claim is thoroughly unrelated to any activity conducted by the out-of-state defendant in California. That exercise of jurisdiction is incompatible with the traditional notions of fair play and substantial justice required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

17. Franklin's claim vividly demonstrates the constitutional flaws of the jurisdiction conferred upon the WCAB by *California Labor Code* Sections 3600.5(a) and 5305. Franklin exclusively performed all his work-related duties for the Reds outside of California and any work-related injuries he sustained during employment with the Reds similarly occurred outside of California. Thus, Franklin's claim for benefits did not arise out of, or relate to, any conduct by the Reds in California. Moreover, as a material inducement for the Reds to employ Franklin, he promised and agreed that the law and forums of the State of Ohio would have exclusive jurisdiction over any workers' compensation claim, dispute, or cause of action arising out of his employment. Nevertheless, under Sections 3600.5(a) and 5305, the Reds are denied the right to defend Franklin's claim in their principal place of business, which the United States Supreme Court has described as the "paradigm forum." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2013).

//
//

# FIRST CAUSE OF ACTION

## FOR DELCARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT

**(28 U.S.C. §§ 2201 & 2202)**

18. The Reds repeat and re-allege the allegations previously set forth in Paragraphs 1 through 17, inclusive of this complaint and incorporate the same herein by this reference thereto, as though fully hereinafter set forth at length.

19. As described in the preceding allegations, an actual controversy that falls within the jurisdiction of this Court exists and a declaration of the rights and other legal relations of the parties thereto would be a proper exercise of the Court's jurisdiction.

20. Under the Due Process Clause of the Fourteenth Amendment, no state shall "deprive any person of life, liberty, or property, without due process of law."

21. Administrative agencies are subject to the constraints of due process. See *Federal Insurance Co. v. Workers' Compensation Appeals Board (Johnson)*, 221 Cal. App. 4th 1116 (2013); *Withrow v. Larkin*, 421 U.S. 35 (1975); *Beverly Hills Multispecialty Group, Inc. v. Workers' Compensation Appeals Board, et al.*, 26 Cal. App. 4th 789 (1994).

22. Plaintiff seeks (1) a declaration that *California Labor Code* §§ 3600.5(a) and 5305 violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution on their face or, alternatively, as they pertain to the claim which Franklin has filed against the Reds with the WCAB; and (2) an order of this Court enjoining Franklin from prosecuting the claim he has filed against the Reds with the WCAB.

23. The Reds will sustain irreparable harm – i.e., a violation of its rights under the U.S. Constitution, if injunctive relief is not granted.

///

///

# PRAYER FOR RELIEF

WHEREFORE, the Reds pray for the following relief:

1. A declaratory judgment that *California Labor Code* § 3600.5(a), which provides that "an employee who has been hired" in California, without regularly working in California, is "entitled to workers' compensation upon personal injury by accident arising out of and in the course of employment outside of this state," is invalid and unconstitutional on its face or, alternatively, as applied to the claim which Franklin has filed against the Reds with the WCAB;

2. A declaratory judgment that *California Labor Code* § 5305, which provides that the WCAB has jurisdiction over all "injuries suffered outside the territorial limits of this state in those cases where the injured employee is a resident of this state at the time of injury and the contract for hire was made in this state," is invalid and unconstitutional on its face or, alternatively, as applied to the claim which Franklin has filed against the Reds with the WCAB;

3. That Franklin be permanently restrained and enjoined from prosecuting the claim he has filed against the Reds with the WCAB, under *California Labor Code* § 3600.5(a), which provides that "an employee who has been hired" in this state, without regularly working in the state, is "entitled to workers' compensation upon personal injury by accident arising out of and in the course of employment outside of this state;"

4. That Franklin be permanently restrained and enjoined from pursuing the claim he has filed against the Reds with the WCAB, under *California Labor Code* § 5305, which provides that the WCAB may exercise jurisdiction over all "injuries suffered outside the territorial limits of this state in those cases where the injured employee is a resident of this state at the time of injury and the contract for hire was made in this state."

//
//

5. For costs and attorney fees; and

6. For such other and further relief as this Court deems just and proper.

Dated: March 7, 2022                                    BOBER, PETERSON & KOBY

                              By          /s/ Timothy A. Peterson
                                            TIMOTHY A. PETERSON
                                            BRIAN T. ANDERS
                                          Attorneys for Plaintiff
                                          Cincinnati Reds LLC